IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60896
Conference Calendar

_____


ROBERT L. GRAY,

                                        Plaintiff-Appellant,

versus

JODY BRADLEY; LISA LEE,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:99-CV-161-BrS
--------------------
February 20, 2002

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Robert L. Gray, Mississippi inmate #44684, proceeding pro se
and in forma pauperis ("IFP"), appeals the district court's
dismissal as frivolous, pursuant to 28 U.S.C. § 1915(e), of his
civil rights complaint.  Gray contends that the defendants did
not provide requested and necessary medical treatment for his
asthma and bronchitis from September 1998 until February 1999.
Gray asserts that the denial of treatment caused his condition to
worsen.

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

We review the dismissal of claims as frivolous for an abuse of discretion. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). The Eighth Amendment protects an inmate from improper medical care if the care is "sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To establish deliberate indifference, the prisoner must present "facts clearly evincing 'wanton' actions on the part of the defendants." Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985). Negligence, medical malpractice, and an inmate's disagreement with his medical treatment do not give rise to a 42 U.S.C. § 1983 cause of action. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Gray has not alleged wanton conduct amounting to deliberate indifference to his serious medical needs. Estelle, 429 U.S. at 106; Johnson, 759 F.2d at 1238. At most, his allegations demonstrate negligent action and disagreement with the treatment that he received. Varnado, 920 F.2d at 321. The district court's dismissal was not an abuse of discretion.

Gray has abandoned his claim that the defendants denied him adequate medical treatment for an abscessed tooth by failing to assert the claim in this court. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Gray's appeal is without arguable merit and is dismissed as frivolous. See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). The dismissal of the appeal as frivolous and the district court's dismissal of Gray's 42 U.S.C. § 1983 complaint as frivolous each count as "strikes" under the

three-strikes provision of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996); 28 U.S.C. § 1915(e)(2)(B)(i).  Gray is CAUTIONED that if he accumulates a third "strike" under 28 U.S.C. § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; THREE-STRIKES WARNING ISSUED.