# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

No. 01-11010
Summary Calendar

---

ALLEN GLENN THOMAS,

Plaintiff-Appellant,

versus

GARY A, WAKEFIELD, Major; NORMA HARRISON, Industrial Specialist VI; THOMAS R. SULLIVAN, Lieutenant; GREGORY OLIVER, Major; EMILY JACOBS, Classification; ROBERT KELLEHER, Grievance Investigator; CHARLIE G. HATFIELD, III, Industrial; BUCKY R. SHERLEY, Industrial Supervisor III; RICHARD A. AVANTS, Captain; MARIO V. SANCHEZ, Sergeant; EMILY L. BOND, Assistant Warden; ROBERT J. EASON, Warden; DOYLE MCELVANEY, Warden,

Defendants-Appellees.

---------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:00-CV-25-C
---------------------------------------------------------------
April 22, 2002

Before JOLLY, STEWART and PARKER, Circuit Judges:

PER CURIAM:[*]

Allen Glenn Thomas (TDCJ # 633145) appeals the dismissal as frivolous of his pro se and in forma pauperis (IFP) civil rights complaint in which he alleged that defendants had retaliated against him for filing grievances by requiring him to work in the garment factory, thereby allegedly placing his life in danger from medium-security prisoners and violating his medical restrictions, and had filed false disciplinary cases against him, threatened and harassed him, and denied him medical treatment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

He has filed motions for a protective order, transfer order, discovery, and appointment of counsel. The motions are DENIED.

The district court shall dismiss a prisoner's IFP civil rights complaint if the court determines that the action is frivolous or fails to state a claim upon which relief may be granted. Black v. Warren, 134 F.3d 732, 733 (5th Cir. 1998); see 28 U.S.C. § 1915(e)(2)(B)(i) & (ii), § 1915A. A complaint is frivolous if it lacks an arguable basis in law or fact. Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999). We review the dismissal of a prisoner's complaint as frivolous for an abuse of discretion. Berry, 192 F.3d at 507.

The record does not support Thomas's assertion that the district court abused its discretion in dismissing the complaint because the dismissal was based on credibility determinations, nor does the record support his assertion that the district court resolved factual disputes against him.

Thomas argues that the district court abused its discretion by failing to construe the complaint as asserting a viable Eighth Amendment failure-to-protect claim and a retaliation claim. Thomas alleged no facts showing that he had been threatened by prisoners working in the garment factory or that prison officials were aware of facts from which the inference could be drawn that a substantial risk of serious harm to Thomas existed by virtue of his job assignment. Thus, the district court did not err in determining that this claim was meritless. See Farmer v. Brennan, 511 U.S. 825, 837 (1994); Jacquez v. Procunier, 801 F.2d 789, 792 (5th Cir. 1986). Thomas's conclusional assertions of retaliation do not establish that but for a retaliatory motive, Thomas would not have been disciplined for refusing to work. See Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995).

Thomas's complaint contained only conclusional allegations that his assignment to the garment factory violated his medical restrictions; he alleged no facts clearly evincing that the work in the garment factory was beyond his physical abilities and that his assignment to the garment factory amounted to deliberate indifference to his medical needs, and thus the district court did not abuse its discretion in dismissing this claim. See Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985).

2

The district court did not abuse its discretion in determining that Thomas's claims of harassment were not actionable under 42 U.S.C. § 1983. Verbal threats and name-calling by prison guards do not amount to a constitutional violation. See Bender v. Brumley, 1 F.3d 271, 274 n.4 (5th Cir. 1993); Lynch v. Cannatella, 810 F.3d 1363, 1376 (5th Cir. 1987).

Because Thomas's appeal is without arguable merit and is frivolous, it is DISMISSED. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

The dismissal of this appeal and the district court's dismissal of this lawsuit as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Thomas is WARNED that if he accumulates three strikes he will not be allowed to proceed IFP in any civil action or appeal brought in a United States court while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; MOTIONS DENIED; 28 U.S.C. § 1915(g) SANCTIONS WARNING ISSUED.