United States Court of Appeals
Fifth Circuit

**F I L E D**

April 9, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

02-30994
Summary Calendar

ERIC W. WILLIAMS,

Plaintiff-Appellant,

versus

JOANN BRINKAN, Individually and in her official capacity;
PAM GIVINS, Individually and in her official capacity;
ALTON JACK, Individually,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
(01-CV-1985)

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Eric W. Williams, Louisiana inmate #117598, proceeding *pro se* and *in forma pauperis* ("IFP"), appeals the dismissal of his 42 U.S.C. § 1983 complaint. Williams claimed defendants violated his rights under the Eighth Amendment because they did not provide a timely eye examination and delayed in transferring him to a unit where he could receive such treatment. Williams contends the district court erred by basing the dismissal of his complaint on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the fact that Williams obtained an eye examination and a prescription for eyeglasses.

We review a dismissal under FED. R. CIV. P. 12(b)(6) *de novo*. **Black v. Warren**, 134 F.3d 732, 733-34 (5th Cir. 1998). The Eighth Amendment's prohibition against "cruel and unusual punishment" protects an inmate from improper medical care only if the care is "sufficiently harmful to evidence deliberate indifference to serious medical needs." **Estelle v. Gamble**, 429 U.S. 97, 106 (1976). Deliberate indifference is shown by "facts clearly evincing 'wanton' actions" by the defendants. **Johnson v. Treen**, 759 F.2d 1236, 1238 (5th Cir. 1985).

Williams' complaint demonstrates, at most, negligence and disagreement with the medical care that he received. Unsuccessful medical treatment, negligence, neglect, and medical malpractice do not establish an Eighth Amendment violation. **Varnado v. Lynaugh**, 920 F.2d 320, 321 (5th Cir. 1991).

Williams' appeal is without arguable merit and is frivolous. It is therefore **DISMISSED**. 5TH CIR. R. 42.2; **Howard v. King**, 707 F.2d 215, 219-20 (5th Cir. 1983). The dismissal of this appeal and the district court's dismissal of Williams' complaint count as strikes under the Prison Litigation Reform Act. **Adepegba v. Hammons**, 103 F.3d 383, 387 (5th Cir. 1996). Williams is **WARNED** that if he accumulates three "strikes" under 28 U.S.C. § 1915(g) he will not be able to proceed *in forma pauperis* in any civil action

2

or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

**APPEAL DISMISSED, SANCTION WARNING ISSUED**