United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 19, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41185
Summary Calendar

_____

JIMMY ROY DAVIDSON,

Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION;
TEXAS TECH HEALTH SCIENCE CENTER; THE UNIVERSITY OF TEXAS
MEDICAL BRANCH; TIM REVELL; UNKNOWN CRAWFORD, Dr.; UNKNOWN
CLAYTON, Dr.; PAT HARRISON; UNIDENTIFIED PARTY, Step Two
Grievance Official; M. KELLY, Dr.,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
(No. 6:03-CV-62)
--------------------

Before JOLLY, WIENER, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Jimmy Roy Davidson, Texas state prisoner

# 612588, appeals the magistrate judge's dismissal of his pro se

civil rights action as frivolous.[1]  See 28 U.S.C. § 1915A(b)(1).

Davidson's principal contention is that the defendants-appellees

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The parties consented to proceed before the magistrate judge
pursuant to 28 U.S.C. § 636(c).  The magistrate judge also held
that dismissal was justified because Davidson failed to exhaust his
administrative remedies, a ruling that we need not examine.

violated his constitutional rights in refusing to treat his hepatitis B and C by medicating him with interferon. We affirm.

Under 28 U.S.C. § 1915A(b)(1), a district court may dismiss an IFP complaint as frivolous or for failure to state a claim. A complaint is frivolous if it lacks an arguable basis in either law or fact. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).

Prison officials violate the constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain. Wilson v. Seiter, 501 U.S. 294, 297 (1991). To prevail on such a claim, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind. Id. at 105-06. "The legal conclusion of 'deliberate indifference[]' . . . must rest on facts clearly evincing 'wanton' actions on the part of the defendants." Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985).

A showing of deliberate indifference requires the inmate to submit evidence that prison officials "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" Domino v. Texas Dep't

2

of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001)(quoting Johnson, 759 F.2d at 1238). Unsuccessful medical treatment, ordinary acts of negligence, or medical malpractice do not constitute a cause of action under § 1983. Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999). Absent exceptional circumstances, a prisoner's disagreement with his medical treatment is not actionable under § 1983. Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995).

Davidson supports his claim of entitlement to relief by referring to authorities who advocate interferon therapy for persons with psychiatric disorders by use of controlled trials, nocturnal administration, dosage reduction, biweekly psychiatric checkups, and psychoactive drugs. Other than the fact that on occasion his alanine aminotransferase (ALT) readings have been somewhat elevated, however, Davidson has not shown any basis for concluding that his hepatitis is or has been severe enough to mandate such extraordinary medical intervention.

Davidson faults appellee Dr. Revell for not having referred him for determination of the degree of his liver inflammation, fibrosis, or cirrhosis, as to which several authorities recommend a biopsy. Davidson's ALTs were approximately normal as of April 2002, however, when he was transferred from Dr. Revell's unit.

Davidson recognizes that, as the magistrate judge observed, TDCJ-ID Policy B-14.13 provides that "[s]evere depression or other active neuropsychiatric disorder is classified as an 'absolute

3

contraindication' to interferon therapy."  Davidson nevertheless argues that appellees Dr. Crawford and Dr. Clayton should have referred him to a psychiatrist to determine whether <u>severe</u> depression or some other <u>active</u> psychiatric syndrome made him ineligible for such treatment.  Even if these allegations proved true, however, these psychiatrists' acts or omissions would amount to nothing more than malpractice or negligence, which are not actionable under § 1983.  <u>See</u> <u>Stewart</u>, 174 F.3d at 534.  Thus, the magistrate judge did not err in concluding that Davidson failed to show that the denial of interferon therapy amounted to "deliberate indifference to his serious medical needs," as such denial was done in compliance with generally accepted medical standards.

Davidson also contends that the magistrate judge erred by dismissing his claims under the Americans with Disabilities Act (ADA).  He argues that he is disabled by mental illness and that unspecified appellees violated Policy B-14.13 by not providing qualified personnel to determine the degree of severity or activeness of his mental illness and by not providing him with controlled trials of medication with interferon.

Davidson's ADA claim lacks merit because he has not alleged or shown that he was adversely treated solely because of his handicap of mental illness.  <u>See</u> <u>Judice v. Hosp. Serv. Dist. No. 1</u>, 919 F. Supp. 978, 981 (E.D. La. 1996). As the magistrate judge concluded, "[t]he refusal to administer drugs which are medically contraindicated by a medical disorder does not constitute

4

'discrimination' because of this disorder; rather, such refusal is proper and responsible medical conduct."

Davidson asserts further that he is entitled to relief because the magistrate judge denied his motion for appointment of counsel. The magistrate judge denied the motion prior to the district judge's authorization for further proceedings to be conducted by the magistrate judge, subject to later appointment of counsel if necessary. Davidson did not, however, appeal the magistrate judge's ruling or again request that counsel be appointed. Accordingly, we lack jurisdiction to review this denial of Davidson's motion for appointment of counsel. See Colburn v. Bunge Towing, Inc., 883 F.2d 372, 379 (5th Cir. 1989).

Davidson has filed a motion requesting that we grant a mandatory injunction directing the appellees to administer interferon to him immediately. He argues that his life is in danger because he has both hepatitis B and hepatitis C. As Davidson is not likely to prevail on the merits of his claims he is not entitled to such relief at the appellate level. See Libertarian Party of Texas v. Fainter, 741 F.2d 728, 729 (5th Cir. 1984).

Davidson also seeks leave to amend his motion for injunctive relief to include a request that we order his transfer to federal protective custody for service of the remainder of his sentence. He assert that the appellees may cause his death to avoid monetary liability and public exposure. This motion is denied as frivolous.

In addition, Davidson seeks authority to supplement the appellate record.  The motion is denied because Davidson has not shown that the additional documents are necessary to the proper disposition of his appeal.  <u>See</u> <u>Harvey v. Andrist</u>, 754 F.2d 569, 571 (5th Cir. 1985).

Finally, we deny Davidson's motion for leave to file a supplemental or letter brief.  <u>See</u> 5TH CIR. R. 28.5.

AFFIRMED; ALL OUTSTANDING MOTIONS DENIED.