United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 7, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-50188
Summary Calendar

JERRY WANZER,

Plaintiff-Appellant,

versus

KIM THU THI CHU, University of Texas Medical Branch, Galveston,
Texas; KEVIN H. MCKINNEY, University of Texas Medical Branch,
Galveston, Texas; JOHN DOE # 3, University of Texas Medical
Branch, Galveston, Texas; MARIA PAYAN, University of Texas
Medical Branch, Galveston, Texas; MARTIN L. NUSYNOWITZ,
University of Texas Medical Branch, Galveston, Texas; DAVID
UHBROCK, University of Texas Medical Branch, Galveston, Texas;
ROCHELL MCKINNEY, Huntsville, Texas; STEVEN MERCADO, Medical
Doctor, Connally Unit; VERLIS FELKINS, Connally Unit; OSCAR
MENDOZA, Connally Unit; ROBERT J. PARKER, Connally Unit; STEVEN
GREEN, Connally Unit; GERALD MYERS, Captain, Connally Unit; TONIA
BLACK, Connally Unit,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:02-CV-246
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jerry Wanzer, Texas prisoner # 855976, seeks leave to
proceed <u>in</u> <u>forma</u> <u>pauperis</u> ("IFP") in this court to appeal the
district court's dismissal of his 42 U.S.C. § 1983 complaint.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Wanzer also asks this court to appoint counsel to represent him on appeal.

After dismissing Wanzer's 42 U.S.C. § 1983 complaint, the district court denied Wanzer's petition to proceed IFP on appeal, certifying that the appeal was not taken in good faith, and his motion seeking appointment of counsel on appeal, finding that Wanzer failed to present exceptional circumstances that would justify the appointment. By moving this court for leave to proceed IFP, Wanzer is challenging the district court's certification. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a)(5). In this court, Wanzer alleges that the district court "wrongfully" determined facts against the weight of the evidence and that there were genuine issues of material fact which precluded summary judgment. Wanzer has not demonstrated any nonfrivolous ground for appeal.

In order to establish an Eighth Amendment violation, Wanzer had to establish that the defendants were deliberately indifferent to his serious medical needs. Mendoza v. Lynaugh, 989 F.2d 191, 193 (5th Cir. 1993). To establish deliberate indifference, Wanzer had to offer "facts clearly evincing 'wanton' actions on the part of the defendants." Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985). Thus, Wanzer had to show the defendants knew he faced a substantial risk of serious harm and disregarded "that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847

(1994). The district court correctly determined that Wanzer failed to establish that the defendants were deliberately indifferent to his serious medical needs. It also correctly determined that Wanzer failed to establish that he suffered from a serious medical condition. Wanzer has not shown that the district court erred in dismissing his civil rights complaint.

Based on the foregoing, Wanzer has failed to show that his appeal involves "legal points arguable on their merits (and therefore not frivolous)." Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). His motion for IFP is therefore DENIED, and his appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 & n.24. Wanzer's motion for appointment of counsel on appeal is also DENIED.

The dismissal of Wanzer's appeal as frivolous by this court counts as a "strike" under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Wanzer is cautioned that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; MOTIONS DENIED; SANCTION WARNING ISSUED.