# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 14, 2008

Charles R. Fulbruge III
Clerk

No. 07-40421
Summary Calendar

DECARLOS M. GARRETT,

Plaintiff-Appellant,

v.

UNIVERSITY OF TEXAS MEDICAL BRANCH;
DR. D. PORRAS; K. SMITH, Nurse;
J. HANSON, Mid Level Practitioner;
L. CURRY, Nurse Clinician; A. ZOND, Medical Director;
BILLY HIRSCH, Assistant Warden,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
No. 9:06-CV-246

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

DeCarlos Garrett, Texas prisoner # 1097076, appeals the 28 U.S.C. § 1915A dismissal, as frivolous and for failure to state a claim, of his 42 U.S.C. § 1983 lawsuit asserting deliberate indifference to his serious medical needs. Specifically, he asserts that the district court erred in dismissing his claims against medical personnel at the Polunsky Unit for refusing to treat him and for providing inadequate medical care. He does not brief any argument challenging the magistrate judge's reasons for dismissing his claims against Dr. Zond, Assistant Warden Hirsch, or the University of Texas Medical Branch and has thus abandoned any such challenge. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

We review the § 1915A dismissal de novo. Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998). Garrett continues to complain that he received incorrect and inadequate treatment by virtue of having been misdiagnosed with a urinary tract infection when in fact he suffered from appendicitis. According to Garrett, the treatment he received worsened his condition to the point of assault, and the extreme pain he suffered establishes deliberate indifference. Because he has neither alleged nor shown that the defendants intentionally treated him incorrectly, his allegations amount to no more than unsuccessful treatment or negligence, which do not give rise to a constitutional claim.[1] Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Garrett also contends, for the first time on appeal, that Nurse Maciel perjured himself at the Spears hearing. Because it was not raised in the district court, this claim will not be considered. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Garrett argues that he is not exclusively challenging the medical treatment but also complains of an intentional decision not to treat him. Specifically, he contends that his Eighth Amendment rights were violated when Nurse Smith refused to see him on June 26, 2006, and when Nurse Hanson discontinued treatment on July 7, 2006.

Garrett's claim that Smith denied him medical care on June 26 is unavailing. At the Spears hearing,[2] Garrett testified that Smith would not have security bring him to the infirmary, and, when they brought him anyway, she placed him in a waiting area and returned him to his cell when he did not throw up again. Because Garrett's complained-of vomiting did not manifest itself while he waited at the infirmary, Smith's conduct in returning him to his cell was not done in wanton disregard for his medical needs and thus did not amount to deliberate indifference. See Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985).

Garrett additionally complains that he was not seen again for treatment until he collapsed on June 28. But, his testimony and the medical records demonstrate that when he was seen on June 28 he was diagnosed with a urinary tract infection and treated accordingly. He has not shown deliberate indifference or that he suffered any substantial harm as a result of the two-day delay. He thus cannot show an Eighth Amendment violation. See Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993).

Garrett's claim that Hanson denied him medical care when she discontinued treatment on July 7 is likewise unavailing. The argument is premised on Garrett's new assertion that he never told Hanson that he felt better. Because it is raised for the first time on appeal, this new allegation will not be considered. See Varnado, 920 F.2d at 321. Moreover, the assertion is belied by Garrett's submissions, which include a copy of the clinic notes from his July 7 visit with Hanson, which quote him as saying "I feel much better" and denying nausea, abdom-

---

[2] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

inal pain, burning, or pain upon urination. Additionally, Garrett has never asserted that he specifically requested medical treatment from July 7 through 14 but was denied. Accordingly, he has not shown an Eighth Amendment violation. See Mendoza, 989 F.2d at 195.

At most, any delays in treatment were attributable to negligence, which does not establish a constitutional violation. See Varnado, 920 F.2d at 321. The judgment is AFFIRMED. The dismissal of Garrett's complaint counts as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Garrett is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.