Joseph W. JOHNSON,
Plaintiff-Appellant,

v.

David C. TREEN, et al.,
Defendants-Appellees.

No. 84–3627
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 13, 1985.

Joseph W. Johnson, pro se.

Joseph Irwin Kopsa, J. Marvin Montgomery, Asst. Attys. Gen., Baton Rouge, La., for defendants-appellees.

Before WILLIAMS, JOLLY and HILL, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Because the materials submitted by the appellant Johnson do not create a genuine issue of material fact as to whether the defendants acted towards him with deliberate indifference to a serious medical need, we affirm the district court's grant of summary judgment.

I

Joseph Johnson, an inmate of the Louisiana State Penitentiary, filed suit under 42

U.S.C. § 1983 against several defendants alleging violation of his eighth amendment rights. He claimed that he suffered an unspecified medical condition that had been worsening over a period of two years because of "incompetent personnel and/or medical practices ... condoned by the authorities enumerated herein" which had been repeatedly brought to the attention of the medical personnel. Johnson requested injunctive relief and five million dollars in damages.

The appellees moved for summary judgment and in support submitted the affidavit of a licensed practical nurse, stating that Johnson's medical records showed that he had been treated on a routine basis for diabetes and high blood pressure since his arrival at the prison, and that these conditions had been brought under control. The affidavit further stated that Johnson had been advised as to his diet and was treated successfully for prostatitis and rash. Johnson's medical file is very extensive and shows that he has received treatment for a variety of complaints, including continual treatment and medication for diabetes, hypertension and hemorrhoids. Johnson has received light duty or exemption from duty on numerous occasions because of these and other problems, including a cardiovascular condition. He received preventive treatment for inactive tuberculosis, and treatment on numerous occasions for prostatitis and for rashes in his groin area, armpits and on his legs.

Johnson submitted no response to appellees' motion for summary judgment. In notarized answers to interrogatories he stated that he was suffering from "irritating rashes on the body and limbs, internal disorders, growth that discharge[s] secretions, discolorations of the skin accompanied by numbness and prickling sensations." He alleged that this was the result of the "callous indifference" and lack of qualifications of the medical personnel and of treatment with experimental drugs which he had not authorized. Other pleadings in the record indicate that Johnson believes himself to be suffering from contamination by Agent Orange. After the

district court granted the appellees' motion for summary judgment, Johnson filed a timely notice of appeal.

## II

### A.

Fed.R.Civ.P. 56(c) provides for the reviewing of motions for summary judgment; in pertinent part the rule reads:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law....

The burden is on the moving party to establish that there is no genuine issue of fact and the party opposing the motion should be given the benefit of every reasonable inference in his favor. *State of Pennsylvania v. Curtiss National Bank of Miami Springs*, 427 F.2d 395, 400 (5th Cir.1970).

■ Accordingly, on appeal we view all materials in the light most favorable to the appellant, Johnson, to determine if there is any issue of material fact. If no such issue exists, we must then determine if the appellees are entitled to judgment as a matter of law. *Id.*

### B.

■ To prevail on an eighth amendment claim for deprivation of medical care, a prisoner must prove that care was denied and that this denial constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). In *Estelle v. Gamble* the plaintiff, Gamble, complained repeatedly to prison authorities of severe pains in his chest, arms and legs and of "blank outs" after he unloaded a truck. Despite his repeated complaints, Gamble was for weeks given only examinations in the prison infirmary, pain pills and muscle relaxants. After continuing his complaints

in the face of disciplinary action for "shirking work," Gamble was placed in "administrative segregation" and given Quinidine as treatment for irregular cardiac rhythm. *Estelle v. Gamble*, 97 S.Ct. at 289. Although Gamble had repeatedly made known his subjective feelings of substantial pain to prison officials, and despite the fact that he filed his petition *pro se*, his complaint was dismissed for failure to allege facts sufficient to support a conclusion of "deliberate indifference." "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton' infliction of pain ... proscribed by the Eighth Amendment." *Estelle* 97 S.Ct. at 291. This court has held that the facts underlying a claim of "deliberate indifference" must *clearly evince* the medical need in question and the alleged official dereliction. *Woodall v. Foti*, 648 F.2d 268 (5th Cir.1981). The legal conclusion of "deliberate indifference," therefore, must rest on facts clearly evincing "wanton" actions on the part of the defendants. The Supreme Court has recently had cause to consider the common law meaning of "wanton" in some detail:

> "Wanton means reckless—without regard to the rights of others.... Wantonly means causelessly, without restraint, and in reckless disregard of the rights of others. Wantonness is defined as a licentious act of one man towards the person of another, without regard to his rights; it has also been defined as the conscious failure by one charged with a duty to exercise due care and diligence to prevent an injury after the discovery of the peril, or under circumstances where he is charged with a knowledge of such peril, and being conscious of the inevitable or probable results of such failure." 30 American and English Encyclopedia of Law 2–4 (2d ed. 905) (footnotes omitted). The last sentence of that definition could have been written with this case in mind.

*Smith v. Wade*, 461 U.S. 30, 39 n. 8, 103 S.Ct. 1625, 1632 n. 8, 75 L.Ed.2d 632 (1983).

Summary judgment is therefore proper where the materials before the court fail to raise genuine issues as to facts which, if true, would clearly evince the medical need in question and indicate that the denial of treatment was much more likely than not to result in serious medical consequences, and additionally that the defendants had sufficient knowledge of the situation so that the denial of medical care constituted wanton disregard of the prisoner's rights. Because we find that Johnson has not raised genuine issues as to facts which would adequately support a conclusion of "deliberate indifference to serious medical need," we affirm the grant of summary judgment in this case.

### C.

 Johnson has made no showing of deliberate indifference on the part of the appellees. He has not denied that he has been treated repeatedly for the ailments of which he has complained. He has submitted no evidence that prison personnel have ever refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Although the district court could have permitted Johnson to use his answers to interrogatories in response to the appellees' motion for summary judgment,[1] the statements in his answers to interrogatories do not constitute "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). At most, Johnson claims that the prison's medical personnel have incorrectly diagnosed his illness or that their treatment has been unsuccessful. This is not sufficient to establish a genuine fact issue as to whether an eighth amendment violation occurred, and thus the district court

---

1. Fed.R.Civ.P. 56(e); 6 J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice* ¶ 56.11[1.–4] (2d ed. 1983); 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2722, at 51–52 (2d ed. 1983).

did not err. We accordingly affirm the decision of the district court.

AFFIRMED.