.             IN THE UNITED STATES COURT OF APPEALS
                  FOR THE FIFTH CIRCUIT

                     _____

                      No. 97-50036
                   Conference Calendar
                     _____


LAWRENCE DUNBAR SMALLEY,

                                   Plaintiff-Appellant,

versus

FEDERAL BUREAU OF PRISONS;
R.V. FRANCO; JOSÉ SERRANO, M.D.,

                                   Defendants-Appellees.

                  - - - - - - - - - -
         Appeal from the United States District Court
              for the Western District of Texas
                   USDC No. EP-96-CV-262
                  - - - - - - - - - -
                    October 21, 1997
Before POLITZ, Chief Judge, and WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Lawrence Smalley (federal inmate number 60623-065) appeals

the dismissal of his action under Federal Rule of Civil Procedure

12(b)(6).  Smalley contends that Warden R.V. Franco and Dr. José

Serrano were deliberately indifferent to his medical condition.

We have reviewed the record and the briefs of the parties and

hold that the district court did not err in dismissing Smalley's

action.  Smalley has not alleged facts showing that Franco and

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Serrano were deliberately indifferent to his medical condition. In his complaint, Smalley admitted that he was given Benadryl and Atterax for his itching and that blood and stool samples were taken to help determine the cause of his itching. Although this treatment did not improve his condition, Smalley has not alleged that he was denied medical treatment or that his complaints were ignored. See Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985). Smalley's allegations amounted to nothing more than unsuccessful medical treatment. Unsuccessful medical treatment does not constitute an Eighth Amendment violation. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

AFFIRMED.