IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20470
Summary Calendar

_____

JUAN JORGE SANCHEZ,

Plaintiff-Appellant,

versus

ROY PUTSKA; MICHAEL BLUMBERG;
JOHNNY SAND; T.C. MOSSEY, Captain,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-96-CV-1607
- - - - - - - - - -
August 10, 1999

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Juan Jorge Sanchez, a Texas prisoner (# 577512), has appealed from the district court's denial of his FED. R. CIV. P. 60(b) motion for relief from judgment, following the court's dismissal of his civil rights complaint as frivolous. Sanchez had asserted in his complaint that: he was bitten by a snake when he was working with other inmates in a field; the defendants had failed ensure the safety of the work environment; the defendants were deliberately indifferent to his serious medical

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

needs after the snake bite; and Sanchez was later reassigned to work in the field without a medical evaluation. The district court did not abuse its discretion in denying Rule 60(b) relief as to these claims, most of which involve only allegations of negligence only and are not actionable under § 1983. See Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985); Travelers Ins. Co. v. Liljeberg Enterprises, Inc., 38 F.3d 1404, 1408 (5th Cir. 1994).

Sanchez also alleged that, after he refused to work, he was disciplinarily sanctioned with the loss of good conduct time credits; he asserted that his disciplinary proceedings were conducted without him being present in violation of his due process rights. Although it is possible such allegations state a cognizable 42 U.S.C. § 1983 claim, see Madison v. Parker, 104 F.3d 765, 769 (5th Cir. 1997), the district court did not abuse its discretion in denying Sanchez Rule 60(b) relief as to this set of claims because Sanchez's allegations have been too vague and conclusional to establish the personal involvement of any specific defendant. See Travelers Ins. Co., 38 F.3d at 1408; Lozano v. Smith, 718 F.2d 756, 768 (5th Cir. 1983).

The judgment of the district court is AFFIRMED.

AFFIRMED.