IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40956
Conference Calendar
_____

HAROLD W. COLEMAN,

Plaintiff-Appellant,

versus

WAYNE SCOTT, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION; S.O. WOODS,
Chairman, Classifications; UNIDENTIFIED
BELL, Warden, Bradshaw State Jail;
G. FERGERSON, RN, Medical Department

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:98-CV-713
- - - - - - - - - -
June 15, 2000

Before JOLLY, DAVIS, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

Harold W. Coleman appeals the district court's dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)&(ii) of his civil rights lawsuit filed under 42 U.S.C. § 1983. Coleman's argument that prison officials were deliberately indifferent to his complaints of leg pain and stomach pain and ulcers is not supported by his medical records, which indicate that his complaints were regularly and frequently addressed. Coleman's complaint seems to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

be that the prescribed treatment was unsuccessful in alleviating his pain. Unsuccessful or inadequate medical treatment does not give rise to a civil rights action. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991); Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985). Nor does disagreement with medical treatment. Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997). The district court did not err in dismissing Coleman's complaint as frivolous and for failure to state a claim upon which relief could be granted. See § 1915(e)(2)(B)(i)&(ii).

Coleman's appeal is without arguable merit and is frivolous. Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). The appeal is therefore DISMISSED. 5TH CIR. R. 42.2. Coleman is hereby warned that the dismissal of his complaint counts as a strike for purposes of 28 U.S.C. § 1915(g) and that the dismissal of his appeal counts as a second strike. Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). If Coleman accumulates one more "strike" under § 1915(g), he will not be able to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED; STRIKE WARNING ISSUED.