# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 01-60272
Summary Calendar
_____

JOHN BENTON,

Plaintiff-Appellant,

versus

DON GRANT, Warden, Delta Correctional Facility;
JACQUELINE A. BANKS, Assistant Warden, Delta Correctional
Facility; LIZAR POLK, Unit Manager, Delta Correctional
Facility; UNKNOWN LOGAN, Building Inspector, Delta
Correctional Facility; UNKNOWN WHITE, Maintenance, Delta
Correctional Facility; UNKNOWN COOPER, Doctor; VICTOR MALLET,
DR, Bone Specialist,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:00-CV-96-P-A
--------------------
December 27, 2001
Before JONES, SMITH and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

John Benton, Mississippi prisoner # R6103, appeals from
the district court's dismissal of his civil rights complaint as
frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  Benton argues
that the defendants were deliberately indifferent to his serious
medical needs and to a substantial risk of harm caused by a leaky
ceiling at his place of incarceration.

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

Benton was seen by two different doctors for injuries sustained to his right ankle after a slip-and-fall in a puddle of water on the prison floor. Benton's complaints concerning the medical treatment that he received fail to rise to the level of deliberate indifference. See Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001); Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985). As for Benton's complaint that the defendants knew about the leak in the ceiling but failed to repair it, we conclude that, at most, Benton alleges a claim of negligence, which is not actionable under 42 U.S.C. § 1983. See Daniels v. Williams, 474 U.S. 327, 332-36 (1986); Marsh v. Jones, 53 F.3d 707, 711-12 (5th Cir. 1995).

Because there is no arguable merit to Benton's claims, the appeal is DISMISSED AS FRIVOLOUS. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983).

The dismissal of Benton's complaint by the district court and his appeal by this court on grounds of frivolousness each court as a "strike" for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammond, 103 F.3d 383, 387 (5th Cir. 1996). If Benton accumulates another strike, he will be barred from filing i.f.p. proceedings or appeals as long as he remains incarcerated unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; WARNING ISSUED.