IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60751
Summary Calendar
_____

HAROLD BROCK,

                                          Plaintiff-Appellant,

versus

SAMUEL KUMAH, DR., Prison Physician at Marshall
County Correctional Facility; EMMITT L. SPARKMAN,
Warden at Marshall County Correctional Facility;
ROBERT JOHNSON, COMMISSIONER, MISSISSIPPI DEPARTMENT
OF CORRECTIONS,

                                          Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:00-CV-191-B
--------------------
August 1, 2002

Before JOLLY, DAVIS and PARKER, Circuit Judges.

PER CURIAM:[*]

    Harold Brock, Mississippi prisoner # R5226, appeals from the

district court's dismissal of his civil rights complaint as

frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  Brock argues

that the defendants were deliberately indifferent to his serious

---
    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

medical needs by failing to provide adequate medical care, resulting in his loss of vision.  We affirm.

Brock, who suffers from diabetes and hypertension, was seen by medical personnel on a monthly basis.  He was examined by an optometrist soon after he first reported blurred vision and was examined by the prison doctor and an outside ophthalmologist in connection with continued complaints.  We conclude that Brock's complaints about his medical care and the lack of further opinions from specialists do not rise to the level of deliberate indifference.  See Estelle v. Gamble, 429 U.S. 97, 105-07 (1976); Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001); Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985).  At most, Brock's allegations amount to claims for medical malpractice, which is insufficient for relief under 42 U.S.C. § 1983.  See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

AFFIRMED.