United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 3, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41224
Summary Calendar

_____

GEORGE CRAPE,

                    Plaintiff-Appellee,

versus

BRAZORIA COUNTY, ET AL.,

                    Defendants,

JOE KING, Brazoria County Sheriff; D. FLETCHER,
Brazoria County Sergeant

                    Defendants-Appellants.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-01-CV-810
--------------------

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    George Crape filed a civil rights suit under 42 U.S.C.
§ 1983 after his right testicle was removed following an injury
he sustained while he was a pretrial detainee at the Brazoria
County Detention Center.  Sheriff Joe King and Sergeant Dale
Fletcher appeal the district court's denial of their motion for

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

summary judgment in which they argued that they were entitled to qualified immunity. Crape alleged that King and Fletcher violated his Eighth Amendment protection from cruel and unusual punishment when they failed to provide him immediate care by a urologist.

Whether a public official is entitled to qualified immunity depends on two inquiries. Harris v. Victoria Indep. Sch. Dist., 168 F.3d 216, 223 (5th Cir.), cert. denied, 120 S. Ct. 533 (1999). First, a defendant is entitled to qualified immunity when a plaintiff has failed to allege the violation of a clearly established constitutional right. Id. Second, a defense of qualified immunity will succeed if the defendant's conduct was objectively reasonable at the time in light of clearly established law. Id.

King and Fletcher argue that the law was not clearly established that either of them had a constitutional duty to ensure that Crape be seen immediately by a medical specialist absent subjective knowledge of Crape's need of immediate treatment. The evidence Crape submitted in opposition to the defendants' motion for summary judgment evidence showed that King and Fletcher, each, were subjectively aware that more than one month after an injury in which Crape's right testicle was pushed into his groin, Crape remained in excruciating pain, and had still not seen a urologist. Thus, Crape raised an genuine issues as to a fact which, if true, would clearly evince the medical

need in question and indicate that the denial of treatment was much more likely than not to result in serious medical consequences.  Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985).  The district court's denial of summary judgment based on the Fletcher's and King's qualified immunity is AFFIRMED.