United States Court of Appeals
Fifth Circuit

**F I L E D**

June 21, 2005

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

———————————

No. 04-60703
Summary Calendar

———————————

LOUIS DAVIS, JR.,

                                              Plaintiff-Appellant,

versus

STATE OF MISSISSIPPI DEPARTMENT OF CORRECTIONS;
CORRECTIONAL MEDICAL SERVICES; BEARRY, Doctor,
Medical Director, in his private, individual and
official capacities; CABE, Doctor, Medical Doctor,
in his private, individual and official capacities;
SANTOS, Doctor, Medical Doctor, in his private,
individual and official capacities,

                                                        Defendants-
                                         Appellees.

----------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:04-CV-151-D-B
----------------------------------------------------------------

Before WIENER, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

        Louis Davis, Jr., Mississippi prisoner # 16425, appeals from the district court's dismissal of

his civil rights suit pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.  Davis argues

---

        [*]
  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and
is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the defendants were deliberately indifferent to his medical needs and provided inadequate medical care. We affirm.

According to the complaint, Davis was examined for a foot condition by several doctors, who gave him different diagnoses and prescribed various pain medications and antibiotics. Doctors also x-rayed his foot. Davis complains that he was not permitted to see a foot specialist at a hospital outside the prison. We conclude that Davis's complaints about his medical care and the lack of further opinions from specialists do not rise to the level of deliberate indifference. See Estelle v. Gamble, 429 U.S. 97, 105-07 (1976); Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001); Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985). At most, Davis's allegations amount to claims for medical malpractice, which is insufficient for relief under 42 U.S.C. § 1983. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

AFFIRMED.