United States Court of Appeals
Fifth Circuit

**F I L E D**

May 10, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

**No. 05-30783**
**Summary Calendar**

**KEITH WARREN BLAYNE,**

                                        **Plaintiff-Appellant,**

                        **versus**

**J. FLATTERY,**

                                        **Defendant-Appellee.**

**Appeal from the United States District Court**
**for the Western District of Louisiana**
**(1:04-CV-327)**

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Keith Warren Blayne, federal prisoner # 70087-079, appeals, *pro se*, the summary judgment awarded Dr. Flattery, a physician at the prison where Blayne is incarcerated, in his action under ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971).

    Blayne maintains Dr. Flattery was deliberately indifferent to his serious medical needs by providing inadequate medical treatment

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

and delaying surgery to remove a keloid from his left earlobe. Blayne also asserts the district court granted summary judgment without providing him an opportunity for discovery.

The summary judgment is reviewed *de novo*. *E.g.*, ***Guillory v. Domtar Indus., Inc.***, 95 F.3d 1320, 1326 (5th Cir. 1996). To succeed on a ***Bivens*** claim, a prisoner must show a constitutional violation has occurred. 403 U.S. at 395-97. To show a violation of the constitutional prohibition against cruel and unusual punishment, the violation asserted by Blayne, a prisoner must demonstrate deliberate indifference to his serious medical needs. ***Wilson v. Seiter***, 501 U.S. 294, 297 (1991). This requires a prisoner to provide evidence that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs". ***Domino v. Tex. Dep't of Criminal Justice***, 239 F.3d 752, 756 (5th Cir. 2001) (internal quotation marks omitted).

Blayne was examined on numerous occasions by prison medical staff who monitored his condition and provided treatment for his keloid, but he did not receive surgery because the Bureau of Prisons' policy classified the procedure as cosmetic. Because Blayne has not shown Dr. Flattery refused to treat him, ignored his complaints, or intentionally treated him incorrectly, Blayne's complaints do not rise to the level of deliberate indifference.

2

*See* ***id.***, ***Estelle v. Gamble***, 429 U.S. 97, 105-07 (1976); ***Johnson v. Treen***, 759 F.2d 1236, 1238 (5th Cir. 1985).  At most, his allegations amount to negligence or medical malpractice claims, which is insufficient for relief.  *See* ***Varnado v. Lynaugh***, 920 F.2d 320, 321 (5th Cir. 1991).  Blayne's complaint about the lack of discovery is without merit.  *See* ***Williamson v. United States Dep't of Agric.***, 815 F.2d 368, 382 (5th Cir. 1987).

***AFFIRMED***