IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 20, 2007**

**Charles R. Fulbruge III**
Clerk

No. 05-20670
Summary Calendar

ALBERT JOHNSON

Plaintiff-Appellant

v.

NAIK, Dr; LARGENT, Dr; HULIPAS, Dr; SCOTT, Administrator; DOSTAL,
Administrator; POTTER, PA; BLENDA CHANEY, Senior Warden

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CV-3310

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Albert Johnson, Texas prisoner # 642957, filed a pro se, in forma pauperis,
42 U.S.C. § 1983 complaint, arguing that the defendants were deliberately
indifferent to his need for medical treatment for a knee injury sustained in
prison. Specifically, he contended that the defendants delayed in providing him
with orthopedic knee surgery. The district court dismissed Johnson's § 1983
action and he now appeals, reasserting his deliberate-indifference argument.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

When an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that judgment. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Although pro se briefs are afforded liberal construction, even pro se litigants must brief arguments in order to preserve them. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Johnson does not challenge the district court's determination that the defendants are entitled to Eleventh Amendment immunity for any claims raised against them in their official capacities. Accordingly, he has abandoned the issue on appeal. See Yohey, 985 F.2d at 224-25; Brinkmann, 813 F.2d at 748.

This court reviews de novo the district court's grant of summary judgment. See Rios v. Rossotti, 252 F3d 375, 378 (5th Cir. 2001). Johnson has submitted no evidence that the defendants have ever ignored his complaints, refused treatment for his knee, intentionally treated his knee injury incorrectly, "or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." See Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985). At most, Johnson's claim is a disagreement with the treatment he received for his knee or an incorrect diagnosis on the part of the prison medical personnel, both of which are insufficient to raise an issue of material fact on a claim of deliberate indifference. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991); Johnson, 759 F2d at 1238. Accordingly, Johnson has failed to show that the grant of summary judgment was error.

The district court dismissed Johnson's § 1983 action against "Scott," "Vostal," and Chaney pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. A dismissal for failure to state a claim under § 1915(e)(2)(B)(ii) is reviewed under the same de novo standard of review applicable to dismissals made pursuant to FED. R. CIV. P. 12(b)(6). Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999). "A district court's dismissal of a complaint under this subsection may be upheld only if, taking the plaintiff's

allegations as true, it appears that no relief could be granted based on the plaintiff's alleged facts." Id. (internal quotations and citations omitted). Because Johnson has failed to show a constitutional violation regarding deliberate indifference, and because his claims against these supervisory officials stem from the deliberate-indifference allegations, the district court did not err in dismissing his § 1983 action against them for failure to state a claim on which relief may be granted. See Daniel v Ferguson, 839 F.2d 1124, 1128 (5th Cir. 1988).

Accordingly, the judgment of the district court is AFFIRMED.