IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 7, 2008

Charles R. Fulbruge III
Clerk

No. 06-61138
Summary Calendar

JOHN STEPHAN PARISIE

Plaintiff-Appellant

v.

CORRECTIONAL MEDICAL SERVICES INC, Located in St Louis, Missouri;
PHARMACORRX

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:05-CV-40

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

John Stephan Parisie, Mississippi prisoner # K8188, filed the instant 42
U.S.C. § 1983 suit to seek redress for alleged acts of deliberate indifference to his
medical needs while incarcerated at the Mississippi State Penitentiary in
Parchman, Mississippi. Parisie appeals the district court's grant of summary
judgment in favor of Correctional Medical Services, Inc. (CMS), PharmaCorr,
L.L.C. (PharmaCorr), the dismissal of Dr. Juan Santos, and the dismissal of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

Parisie's § 1983 suit. Parisie has also filed a motion to supplement his brief on appeal to add certain exhibits.

Parisie asserts that PharmaCorr was deliberately indifferent to his medical needs by failing to timely refill his prescriptions and that CMS and its agent, Dr. Santos, also acted with deliberate indifference in failing to timely provide medical treatment. He asserts that he suffered substantial harm as a result of the defendants' acts of deliberate indifference.

Our review of the record reveals no error in connection with the district court's grant of summary judgment in favor of PharmaCorr and CMS. See Cousin v. Small, 325 F.3d 627, 637 (5th Cir. 2003); FED. R. CIV. P. 56(c). The record evidence does not show that PharmaCorr acted with deliberate indifference in failing to process Parisie's requests. Because Parisie does not challenge the district court's determination that CMS cannot be vicariously liable for the actions of agents, he has abandoned the issue on appeal. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987); Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Further, the undisputed medical evidence does not demonstrate that Dr. Santos acted with deliberate indifference or that Parisie suffered any substantial harm as a result of the alleged delay in medical treatment. See Farmer v. Brennan, 511 U.S. 825, 837 (1994); Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993). The facts underlying Parisie's claim do not clearly evince the need for the medical care he claims Dr. Santos denied him. See Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985). Parisie has failed to show any error in connection with the district court's judgment. Accordingly, that judgment is AFFIRMED. Parisie's motion to supplement his brief is DENIED.