**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 17, 2009

Charles R. Fulbruge III
Clerk

No. 08-31015
Summary Calendar

SHEDRICK J BRUMFIELD

Plaintiff-Appellant

v.

N BURL CAIN; LINDA RAMSEY; RICHARD STALDER; SHIRLEY COODY;
BRUCE DODD; PERRY STAGG; MIA TRAN; RAMAN SINGH; JONATHAN
ROUNDTREE

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:08-CV-148

Before KING, DAVIS, and BARKSDALE, Circuit Judges.
PER CURIAM:[*]

Proceeding *pro se*, Shedrick Brumfield, Louisiana prisoner # 395469,
appeals the dismissal of his civil rights complaint, which claimed: defendants
conspired to deny Brumfield physical therapy and orthopedic shoes, in
retaliation for his successful prosecution of another civil rights lawsuit;
Assistant Warden Stagg and Drs. Tran, Singh, and Roundtree conspired to deny

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Brumfield medical treatment for an infection and life-threatening bowel problems; and Assistant Warden Dodd responded evasively to Brumfield's administrative grievance. The district court adopted the magistrate judge's recommendation and dismissed Brumfield's claims against former Corrections Secretary Stalder and Dr. Tran for failure to prosecute and, over Brumfield's objection, dismissed his claims against the remaining defendants pursuant to FED. R. CIV. P. 12(b)(6) (failure to state a claim upon which relief can be granted). The dismissal was without prejudice to any state law claims raised by Brumfield.

Brumfield has abandoned his claims against former Corrections Secretary Stalder and Dr. Tran and his claim concerning Assistant Warden Dodd's handling of his administrative grievance, by failing to challenge the district court's reasons for dismissal. *E.g.*, *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Brumfield has likewise abandoned his claim that Assistant Warden Stagg and Drs. Singh and Roundtree denied him treatment for an infection and bowel problems. *Id.*

Dismissal of Brumfield's other claims is reviewed *de novo*. *E.g.*, *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 1230, 1231 (2008); FED. R. CIV. P. 12(b)(6). We hold Brumfield has failed to state facts adequate to support a claim of retaliation. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). "To state a claim of retaliation an inmate must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident . . . would not have occurred." *Woods*, 60 F.3d at 1166.

In this regard, Brumfield received medical treatment for his gastrointestinal and shoulder problems and was provided ankle braces in lieu of orthopedic shoes. His dissatisfaction with his treatment does not establish that defendants "refused to treat him, ignored his complaints, intentionally

2

treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for [his] serious medical needs'". *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

AFFIRMED.