# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 24, 2010

Lyle W. Cayce
Clerk

No. 09-41220
Summary Calendar

KENNETH IVORY GANTHER,

Plaintiff - Appellant

v.

FRED DALTON, Captain; J W MOSSBARGER, Unit Warden; J.R. GUYTON,
Assistant Regional Director Region II,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:08-CV-220

Before BARKSDALE, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Kenneth Ivory Ganther, Texas inmate #1266740, appeals, *pro se*, the dismissal of his 42 U.S.C. § 1983 action for failure to state a claim for which relief could be granted, as well as the denial of his motions for judgment as a matter of law and for summary judgment. He contends defendants were deliberately indifferent to his medical needs in violation of the Eighth

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Amendment because they refused to provide him with a new pair of high-top work boots during the period of 10 June 2008 through 16 January 2009.

Although Ganther had a medical pass to have his prison-issued boots replaced with new ones, his request was denied by defendants, pursuant to prison policy that boots be issued only to field workers. Ganther's assignment was instead in the kitchen.

Our court reviews *de novo* denials of motions for judgment as a matter of law, and for summary judgment, and dismissals for failure to state a claim. *E.g., Arsement v. Spinnaker Exploration Co.*, 400 F.3d 238, 248 (5th Cir. 2005); *Gutierrez v. City of San Antonio*, 139 F.3d 441, 444 (5th Cir. 1998); *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998).

The Eighth Amendment protects prisoners from "the wanton and unnecessary infliction" of injury that results in "pain without any penological purpose" or an "unquestioned and serious deprivation of basic human needs". *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976); *Hutto v. Finney*, 437 U.S. 678 (1978)). A violation of the Eighth Amendment occurs only when: there is a deprivation that is "objectively, 'sufficiently serious'", resulting "in the denial of 'the minimal civilized measure of life's necessities,'" . . . and the "prison official . . . [has] a 'sufficiently culpable state of mind'". *Farmer v. Brennan,* 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297-98 (1991); *Rhodes*, 452 U.S. at 347). In *Farmer*, the Court held that a prison official acts with deliberate indifference to inmates' health "only if he knows that [they] face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it". *Id.* at 847. The prisoner must "submit evidence that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs". *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotations omitted).

Given the prison's policy of issuing boots only to field workers and Ganther's assignment to the kitchen, defendants' denial of boots was *not* conduct that was "'causeless[], without restraint, and in reckless disregard'" of Ganther's health such that it could be termed wanton in violation of the Eighth Amendment. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985) (quoting 30 AMERICAN AND ENGLISH ENCYCLOPEDIA OF LAW 2-4 (2d ed. 1905) (footnotes omitted)). For purposes of receiving the relief requested in this appeal, Ganther fails to show that defendants acted with the knowledge that denial of boots would pose to him a substantial risk of serious harm. The denial of boots, based upon prison policy, was at most negligence, which is *not* actionable. *See Gobert*, 463 F.3d at 346.

Because reasonable jurors could have arrived at a verdict contrary to Ganther's position and because there was a genuine issue of material fact, the district court did *not* err by dismissing Ganther's motions for judgment as a matter of law and for summary judgment. *See Arsement*, 400 F.3d at 248-49; *Gutierrez*, 139 F.3d at 444. Additionally, Ganther's complaint failed to allege facts sufficient to support a conclusion of deliberate indifference. Thus, he fails to show that the district court erred by dismissing his § 1983 action for failure to state a claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

AFFIRMED.