# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 4, 2012

Lyle W. Cayce
Clerk

No. 09-20836
Summary Calendar

ANDREW GONZALES,

Plaintiff-Appellant,

versus

WANDA J. ISBELL, Nurse Practitioner; TAWONA HOLMES, Registered Nurse;
NATASHA DAVIS, Licensed Vocational Nurse;
ISABEL GEORGE, Licensed Vocational Nurse;
MARGRET CROSS, Licensed Vocational Nurse;
STACY CAMPBELL, Licensed Vocational Nurse;
GENGER GALLOWAY, Licensed Vocational Nurse,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:08-CV-1492

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Andrew Gonzales, Texas prisoner # 1289340, filed a *pro se*, *in forma pau-*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*peris* 42 U.S.C. § 1983 complaint arguing that defendants were deliberately indifferent to his need for medical treatment for a kidney stone and did not respond to his complaints of severe pain. He also claimed that despite his condition, he was forced to perform manual labor.

Where an appellant fails to identify error in the district court's analysis, it is the same as if he had not appealed. *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner,* 813 F.2d 744, 748 (5th Cir. 1987). Although *pro se* briefs are afforded liberal construction, even *pro se* litigants must brief arguments to preserve them. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Gonzales does not challenge the district court's determination that the defendants are entitled to Eleventh Amendment immunity for any claims raised against them in their official capacities, so he has abandoned the issue on appeal. *See id.* at 224-25; *Brinkmann*, 813 F.2d at 748.

This court reviews a summary judgment *de novo. Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011). Gonzales has made no showing of deliberate indifference. The medical records and Gonzales's recitation of the facts indicate that he was frequently treated for his kidney stone. He has not shown that defendants ignored his complaints, refused treatment, "or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *See Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Gonzales's claim regarding the ineffectiveness of his pain medication exhibits merely a disagreement about his medical treatment, which is insufficient to raise a genuine dispute as to a material fact on a claim of deliberate indifference. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); FED. R. CIV. P. 56(a).

With respect to his claim that defendants were deliberately indifferent to his need for work restrictions on account of his medical condition, Gonzales does not challenge the district court's determination that "such actions were beyond the scope of [the defendants'] practice." Similarly, he does not challenge the determination that Isbell did not revoke his work-restriction pass on Novem-

ber 20, 2007, but rather it was the result of a clerical error. By failing to challenge the district court's reasoning, Gonzales has abandoned the issues on appeal. *See Brinkmann*, 813 F.2d at 748.

Gonzales asserts that the court abused its discretion by denying his motions for discovery. The record reflects that the defendants provided Gonzales with copies of his medical records for the relevant time period; relevant portions of the University of Texas Medical Branch's Offender Orientation Handbook; and relevant portions of Gonzales's grievance records. Gonzales does not demonstrate how the additional discovery would have rebutted the evidence introduced by defendants demonstrating that he received adequate medical care for his condition. Because he fails to show how the additional discovery would have created a genuine dispute as to a material fact on his deliberate-indifference claim, the court did not abuse its discretion. *See Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010).

Gonzales has failed to show that the summary judgment was in error, so it is AFFIRMED.