# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 19, 2013

Lyle W. Cayce
Clerk

No. 12-40537
Summary Calendar

RUDY VALLADO,

Plaintiff-Appellant

v.

AVRIAN L. MENDEZ, Physician Assistant,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:11-CV-277

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Rudy Vallado, Texas prisoner # 1631597, appeals the summary-judgment dismissal of his 42 U.S.C. § 1983 suit in which he alleged that Defendant-Appellee Avrian L. Mendez acted with deliberate indifference to Vallado's medical needs when treating him for a reducible right inguinal hernia. The magistrate judge determined that Mendez was entitled to qualified immunity.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On appeal, Vallado contends that Mendez's prescribed treatments constituted inadequate medical care because he did not issue Vallado a medical pass.  Vallado does not establish that Mendez (1) was aware of facts demonstrating a substantial risk of serious harm to Vallado and (2) disregarded the risk by failing to take reasonable measures to treat Vallado.  *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994).  The record demonstrates that Vallado was repeatedly monitored, evaluated, and treated for his hernia.  Vallado's assertion that he received inadequate medical care is essentially a disagreement with the medical treatment he received or a claim that Mendez was negligent.  Neither such a disagreement nor a negligence claim rises to the level of a constitutional violation.  *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).  Vallado has failed to show "conduct that would clearly evince a wanton disregard for any serious medical needs."  *See Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).  Additionally, to the extent Vallado alleges that Mendez violated prison policies, these allegations, without more, do not establish a constitutional violation.  *See Samford v. Dretke*, 562 F.3d 674, 681 (5th Cir. 2009).

Finally, Vallado's appeal fails to challenge the dismissal of his claims against Mendez, Assistant Warden Davis (Davis), and Grievance Director Mrs. Segovia (Segovia) in their official capacities or the dismissal of his claims against Davis and Segovia in their individual capacities.  By failing to identify any error regarding the dismissal of these claims, it is as though Vallado had not appealed those issues at all.  *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Vallado has thus abandoned on appeal any contentions that the dismissal of these claims was reversible error.

AFFIRMED.