# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
January 6, 2016

Lyle W. Cayce
Clerk

No. 14-11259
Summary Calendar

BILLY R. SANFORD,

Plaintiff-Appellant

v.

TARRANT COUNTY SHERIFF'S DEPARTMENT; OFFICER CLARK; JOHN
PETER SMITH HOSPITAL,

Defendants-Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CV-822

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:*

Billy R. Sanford, Texas prisoner # 0492400, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983, alleging that the defendants were deliberately indifferent to his serious medical needs. He further alleged that Officer Clark violated his constitutional rights by using excessive force. Sanford timely

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeals the district court's dismissal of his complaint, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief may be granted.

A district court shall dismiss a prisoner's in forma pauperis civil rights complaint if the court determines that the action fails to state a claim upon which relief may be granted. § 1915A(b)(1). "A dismissal of a civil rights complaint for failure to state a claim is reviewed *de novo*, using the same standard applicable to dismissals under Federal Rule of Civil Procedure 12(b)(6)." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013). A complaint fails to state a claim upon which relief can be granted when it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

Before this court, Sanford does not brief any claim against the Tarrant County Sheriff's Department. He does not challenge the district court's determination that the Tarrant County Sheriff's Department is not an entity capable of being sued. Even if we liberally construed Sanford's complaint to allege a claim against Tarrant County, Texas, Sanford does not challenge the district court's determination that a governmental entity cannot be held vicariously liable for the actions of its employees under a theory of respondeat superior. Further, Sanford does not challenge the district court's determination that he failed to allege that Tarrant County had executed a custom or policy that deprived Sanford of a constitutional right. Sanford has thus abandoned any challenge to the district court's decision dismissing his action against the Tarrant County Sheriff's Department for failure to state a claim upon which relief may be granted. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

No. 14-11259

A review of Sanford's medical records does not demonstrate deliberate indifference on the part of John Peter Smith Hospital.  As noted at the *Spears*[1] hearing, there is no evidence in the medical records that Sanford suffered a concussion.  At most, Sanford's complaint that he received only ibuprofen for pain amounts to a mere disagreement with medical treatment, which does not constitute a constitutional violation.  *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *see also Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).  Sanford has failed to show that any employee of John Peter Smith Hospital ignored his complaints, refused treatment, "or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."  *See Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).  Accordingly, the district court did not err in dismissing his action for failure to state a claim upon which relief may be granted.  *See Iqbal*, 556 U.S. at 678.

As to Sanford's excessive force claim, there is no indication that Officer Clark maliciously and sadistically used force to cause Sanford harm.  *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992).  Sanford's claim does not show that, under the circumstances, the officer used more force than was reasonably necessary to secure Sanford and maintain order.  *See id.* at 6-7.  Further, the record belies Sanford's assertion that the defendants' attorney admitted at the *Spears* hearing to tampering with evidence that would have supported Sanford's excessive force claim.

The district court did not err in dismissing Sanford's § 1983 complaint for failure to state a claim upon which relief may be granted.  *See* § 1915A(b)(1); *Iqbal*, 556 U.S. at 678.  Additionally, the district court did not abuse its discretion in denying Sanford's motion for appointment of counsel.  *See Cupit*

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

No. 14-11259

*v. Johnson*, 835 F.2d 82, 86 (5th Cir. 1987).  Sanford's motions for appointment of counsel on appeal and entry of default judgment are denied.

AFFIRMED; ALL OUTSTANDING MOTIONS DENIED.