# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40947
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 29, 2016

Lyle W. Cayce
Clerk

ARTHUR JOYAL BARKER,

Plaintiff-Appellant

v.

RUTH BROUWER, Medical Practitioner; JOYCE FRANCIS, Vocational Nurse; THOMAS MACIEL, Registered Nurse,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:12-CV-10

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Arthur Joyal Barker, Texas prisoner # 1290750, appeals the district court's summary judgment dismissal of his 42 U.S.C. § 1983 action filed against various medical personnel in the Eastham Unit of the Texas Department of Criminal Justice.  In his § 1983 complaint, Barker alleged that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the defendants were deliberately indifferent to his serious medical needs after he informed them that he was having chest pains and difficulty breathing.

We review the grant of a motion for summary judgment de novo. *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 226 (5th Cir. 2009). Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

The standard required to succeed on a deliberate-indifference claim is "extremely high," and Johnson has not met it here in connection with his claim that Ruth Brouwer ignored his sole complaints of chest pain and difficulty breathing. *See Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Even if Brouwer did not treat his complaints and instead told Barker to submit a medical request form in connection with these symptoms, there is no evidence that Barker had a history of a heart condition, that he had been diagnosed with a heart condition, or that he was on any medication for a heart condition. Just prior to Barker's complaints, Brouwer had taken Barker's vital signs, and they were normal. Thus, Barker has not shown deliberate indifference as to Brouwer.

With respect to Barker's claims against Joyce Francis that she ignored his complaints of chest pains, the record reflects that she administered two EKGs, took his vitals, and reported her findings to a physician's assistant, who determined the course of treatment. Barker has failed to show that she ignored his complaints, refused treatment, "or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

Finally, Barker has not shown that Thomas Maciel, a nurse, was deliberately indifferent to his serious medical needs. During a morning visit,

No. 14-40947

Maciel examined Barker, took his vital signs, manipulated the chest wall, and determined that an EKG was not necessary. Maciel reported his findings to a doctor. At a visit later that afternoon, Barker reported that his chest pain had decreased. Maciel took Barker's vitals and reported his findings to a physician's assistant. Barker's complaint that Maciel should have performed additional testing or treatment amounts to a disagreement with medical treatment, which does not constitute a constitutional violation. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *see also Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

Viewing the evidence in the light most favorable to Barker, defendants were entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(a). Barker's motion for the appointment of appellate counsel is denied.

AFFIRMED; MOTION DENIED.