# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30144

United States Court of Appeals
Fifth Circuit

**FILED**
April 13, 2017

Lyle W. Cayce
Clerk

JACOB MCCALISTER BELL, SR.,

Plaintiff-Appellant

v.

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS; JAMES LEBLANC; RIVER CORRECTIONAL CENTER; RIVERBEND DETENTION CENTER; ST. MARY PARISH LAW ENFORCEMENT CENTER; UNKNOWN HEALTH CARE PROVIDERS; WARDEN JOHNNY HEDGEMON; WARDEN KNIGHT; UNKNOWN HEALTHCARE CONTRACTORS, through the Department of Public Safety and Corrections or State of Louisiana,

Defendants-Appellees

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 3:15-CV-2180

Before CLEMENT, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jacob McCalister Bell, Louisiana prisoner # 442374, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his claims under 42 U.S.C. § 1983 as frivolous and for failure to state a claim.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30144

By moving for leave to proceed IFP, Bell is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir.1997); FED. R. APP. P. 24(a)(5).

According to Bell, he has received inadequate medical and dental care while incarcerated in violation of the Eighth Amendment. His allegations include claims that he was forced by another inmate to sleep on the floor and that he has been denied dentures in accordance with a prison policy. His pleadings do not identify a specific, substantial risk of serious harm to his health that prison officials have knowingly or wantonly disregarded. Accordingly, he has failed to meet the extremely high standard for deliberate indifference necessary to state a claim under the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 834, 837, 847 (1994); *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001); *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Bell's disagreement with the course of his medical care does not constitute cruel and unusual punishment. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Nor does any negligence by the providers. *See id.*

Bell has failed to demonstrate that his "appeal involves legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). Accordingly, the motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n. 24; 5TH CIR. R. 42.2. Bell's motion for appointment of counsel also is DENIED. *See Varnado*, 920 F.2d at 321-22.

The district court's dismissal of the complaint and our dismissal of the appeal count as strikes under 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015). Bell previously accrued a third strike when his complaint was dismissed in *Bell v. Landry*, No. 6:13-CV-00382 (W.D. La. April

2

No. 16-30144

8, 2014).  Accordingly, he is BARRED from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is "under imminent danger of serious physical injury."  § 1915(g).  We caution Bell that any additional frivolous appeals will invite the imposition of sanctions.