# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-50368

United States Court of Appeals
Fifth Circuit

**FILED**

May 1, 2017

Lyle W. Cayce
Clerk

MICHAEL GENE PARR,

Plaintiff-Appellant

v.

DOCTOR NFN WRIGHT, Hughes Unit c/o University of Texas Medical
Branch; DOCTOR NFN GREEN, Hughes Unit c/o University of Texas Medical
Branch,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:14-CV-365

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:*

Michael Gene Parr, Texas prisoner # 1716676, seeks leave to proceed in
forma pauperis (IFP) on appeal from the district court's dismissal of his claims
under 42 U.S.C. § 1983 for failure to state a claim. By moving for leave to
proceed IFP, Parr is challenging the district court's certification that his appeal

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a)(5).

According to Parr, he has received inadequate medical care while incarcerated in violation of the Eighth Amendment. His allegations include claims that the defendants prescribed treatment and exercises for prior injuries to his hand that were ineffective and that the defendants delayed in referring him to a nerve specialist. He claims that the delay resulted in muscle loss to his hand. His pleadings do not identify a specific, substantial risk of serious harm to his health that prison officials have knowingly or wantonly disregarded. Accordingly, he has failed to meet the extremely high standard for deliberate indifference necessary to state a claim under the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 834, 837, 847 (1994); *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001); *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

Parr has failed to demonstrate that his "appeal involves legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). Accordingly, the motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n. 24; 5TH CIR. R. 42.2.

The district court's dismissal of the complaint and our dismissal of the appeal count as strikes under 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015). Parr previously accrued two strikes when his complaints were dismissed in *Parr v. Rowe*, No. 5:11-cv-00085 (N.D. Tex. May 10, 2012) and *Parr v. Rowe*, No. 5:14-cv-00119 (N.D. Tex. Aug. 4, 2014). Accordingly, he is BARRED from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is "under

imminent danger of serious physical injury." § 1915(g).  We caution Parr that any additional frivolous appeals will invite the imposition of sanctions.