**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 6, 2009

Charles R. Fulbruge III
Clerk

No. 08-40213
Summary Calendar

MICHAEL ARTHUR MCGIFFIN,

Plaintiff–Appellant,

v.

HAROLD CLAYTON, Physician, In His Official Capacity; SUE BUCHANAN,
In Her Individual and Official Capacities; W. KAPELA, In His Individual and
Official Capacities; DONNA STEELY, Licensed Vocational Nurse, In Her
Individual and Official Capacities; SHIRLEY HUFF; PAMELA KALE,
Registered Nurse, In Her Official Capacity; GORDON BARNSLEY, Registered
Nurse, In His Official Capacity,

Defendants–Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:07-CV-184

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Michael Arthur McGiffin, Texas prisoner # 1320384, appeals the district

court's dismissal as frivolous and for failure to state a claim of his 42 U.S.C.

§ 1983 action against various medical staff of the Beto I Unit of the Texas

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Department of Criminal Justice (TDCJ). McGiffin alleged that the defendants were deliberately indifferent to his serious medical needs in that they did not provide adequate treatment for his urological problem and they did not provide catheters or a dilation tool for approximately eight months.

Because McGiffin's complaint did not lack an arguable basis in law or fact, the magistrate judge erred in dismissing his complaint as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Nevertheless, McGiffin has not shown that the magistrate judge erred in dismissing his complaint for failure to state a claim. McGiffin's medical records establish that the medical staff treated him actively for his condition, examined him numerous times, referred him numerous times to the urology clinic in Galveston, Texas, and issued catheters for him to use to dilate himself. Although Physician's Assistant William Kapela may have been negligent in recommending that McGiffin use a thermometer probe cover with a sharp edge to dilate himself and later in ordering the wrong tool for McGiffin to dilate himself, negligence and medical malpractice do not rise to the level of a constitutional violation. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). McGiffin's disagreement with the defendants' instructions to wash and reuse the catheters does not constitute deliberate indifference. *See id.*

Although there was a lengthy delay before McGiffin received catheters that he could use for self-dilation, he has not shown that the delay was due to deliberate indifference or that the delay resulted in substantial harm. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). During this time period, McGiffin was examined many times at the Beto I Unit, referred to the urology clinic in Galveston, and examined at the urology clinic several times. Under these circumstances, McGiffin has not alleged facts showing that the delay in the issuance of catheters was due to the medical staff's deliberate indifference. *See id.* At most, the delays or inadequate treatment would constitute negligence, which does not rise to the level of deliberate indifference. *See Gobert*, 463 F.3d at 346. Further, McGiffin has not alleged that the delay resulted in substantial

harm; he has not alleged that the delay in receiving the catheters caused any lasting complications of his condition. *See Mendoza*, 989 F.2d at 195; *see also Easter v. Powell*, 467 F.3d 459, 464-65 (5th Cir. 2006). McGiffin has not alleged that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *See Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)). Therefore, we affirm the magistrate judge's dismissal of McGiffin's complaint for failure to state a claim.

The magistrate judge's dismissal of McGiffin's action for failure to state a claim counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). McGiffin is warned that if he accumulates three strikes pursuant to § 1915(g), he may not proceed in forma pauperis (IFP) in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.