United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 20, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30874
Conference Calendar

ALVIN HARVEY,

Plaintiff-Appellant,

versus

A. HUFF; B. MOSS; W. HOLLENSHEAD; M. DAUZAT,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:04-CV-628-SMH
--------------------

Before JONES, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Alvin Harvey, Louisiana prisoner # 333786, appeals from the dismissal without prejudice of his 42 U.S.C. § 1983 complaint for failure to exhaust administrative remedies. This court reviews such a dismissal de novo. Richardson v. Spurlock, 260 F.3d 495, 499 (5th Cir. 2001). Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust all available administrative remedies prior to filing a 42 U.S.C. § 1983 complaint.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Harvey argues on appeal that he met the exhaustion requirement because prison officials failed to respond to his first-step grievance. The record shows that his first-step grievance was rejected, and Harvey concedes that he failed to proceed to the second step. Harvey therefore does not qualify for the exception to the exhaustion requirement based upon the lack of a timely response. See Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1998). Harvey also contends that the district court erred by holding that he did not allege a valid liberty interest. Because the district court did not issue such a holding, that argument lacks factual merit.

Harvey's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). We warn Harvey that if he accumulates three strikes under 28 U.S.C. § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.