# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 9, 2010

No. 10-30292
Summary Calendar

Lyle W. Cayce
Clerk

ALVIN HARVEY,

Plaintiff-Appellant,

versus

JAMES LEBLANC; JERRY GOODWIN; M. DAUZAT; P. HEARN;
DR. FULLER; SUE ODOM; PAULA MILWI,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
No. 5:09-CV 384

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Alvin Harvey, Louisiana prisoner # 333786, proceeding *pro se*, moves for leave to appeal, *in forma pauperis* ("IFP"), the summary judgment dismissing his 42 U.S.C. § 1983 action. The motion to proceed IFP is construed as a challenge to the district court's certification that the appeal is frivolous. *See Baugh v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3). This court asks only whether the appeal involves legal points that are not frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

Harvey complains about details of the medical treatment afforded by prison officials for his severe hypertension. Harvey has waived the essential issue of this appeal by failing to address the reasons given by the district court for granting summary judgment. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (noting that claims not argued on appeal are abandoned). Moreover, he has not identified any genuinely contested issue of fact that is material to whether the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). As the magistrate judge aptly stated, "this is a classic case where an inmate disagrees with the methods of treatment afforded by prison officials, and such disputes do not state a constitutional claim for indifference to medical needs." *See also Johnson*, 759 F.2d at 1237-39 (holding same).

Harvey has failed to show that his proposed appeal involves any nonfrivolous issue. *See Howard*, 707 F.2d at 220. Accordingly, the IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See id.*; *Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

Harvey has already received one sanction warning and one strike under § 1915(g) for filing a frivolous appeal. *See Harvey v. Huff*, No 04-30874 (Apr. 20, 2005). This dismissal counts as his second strike. *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996). Harvey is again WARNED that if he accumulates a third strike under § 1915(g) he will not be allowed to proceed IFP in any civil action while incarcerated or detained unless he is in imminent danger of serious physical injury. *See* § 1915(g).