# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 22, 2011

Lyle W. Cayce
Clerk

No. 11-20014
Summary Calendar

ALLEN RAY LEWIS,

Plaintiff-Appellant

v.

ALAN THOMAS EVANS, AA-C,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-4506

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Allen Ray Lewis, Texas prisoner # 739984, appeals the district court's dismissal of his pro se and in forma pauperis civil rights complaint wherein he alleged the delay and denial of medical treatment. The district court dismissed the complaint as frivolous for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). Our review is de novo. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-20014

According to Lewis's allegations, defendant Alan Thomas Evans, a physician's assistant at the prison, examined him several times between the months of January and May 2010. Lewis complained of ear pain and inflammation of the hair follicles on his back, but Evans did not diagnose Lewis with any medical problems. On May 4, 2010, a nurse and another prison official recommended that Evans prescribe antibiotic ear drops for Lewis, but Evans declined to do so. Some time later, a second nurse examined Lewis's ear and saw fluid coming from it. She notified Evans of her opinion that Lewis had an ear infection, but Evans did not prescribe any medication. Lewis later saw a doctor who diagnosed him as having an ear infection and prescribed antibiotics. The doctor also diagnosed Lewis with folliculitis on his back and prescribed treatment. Lewis alleges that he endured pain and discomfort due to his delayed treatment for both medical conditions and that Evans denied and delayed his medical treatment through deliberate indifference.[1]

"Delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference that results in substantial harm." *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006). In cases involving the denial of medical treatment, the facts underlying a claim of deliberate indifference must clearly evince the serious medical need in question and the alleged official dereliction. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." *Gobert v. Caldwell*, 463 F.3d 339, 345 n.12 (5th Cir. 2006).

"Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001). "[T]he plaintiff

---

[1] Lewis asserts for the first time on appeal that the delayed medical treatment contributed to his partial hearing loss. This new factual allegation may not be raised for the first time on appeal. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.* (internal quotation marks and citation omitted). "[M]ere negligence, neglect, or medical malpractice" do not constitute deliberate indifference. *Varnado*, 920 F.2d at 321. Even "gross negligence" does not establish deliberate indifference. *Hernandez v. Tex. Dep't of Prot. and Reg. Servs.*, 380 F.3d 872, 882 (5th Cir. 2004).

Lewis has alleged no more than negligence and medical malpractice. Evans did not ignore Lewis's complaints. Rather, Evans examined Lewis several times in response to his complaints. Although Evans failed to diagnose Lewis's infected ear and folliculitis, "[i]t is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference." *Domino*, 239 F.3d at 756.

Lewis's allegations do not rise to the standard of deliberate indifference even though he alleges that two nurses recommended on or after May 4, 2010 that Evans prescribe antibiotics for his ear. The nurses made these recommendations after Evans had personally examined Lewis on several occasions between January and May 2010. Evans was entitled to rely on his own medical judgment based on his personal examinations of Lewis rather than the judgment of the two nurses, who had no authority to prescribe medication. *See generally Gobert*, 463 F.3d at 350 n.32. ("Considering and failing to follow the recommendations of another treating physician does not amount to deliberate indifference."). Evans's alleged refusal to heed the nurses' recommendations, even if true, would not prove that he wantonly disregarded Lewis's medical needs.

No. 11-20014

In sum, although Evans allegedly failed to diagnose Lewis's medical conditions, leading to delayed treatment, such negligence does not rise to the level of a constitutional violation.[2]

The judgment is AFFIRMED.

---

[2] We also deny Lewis's motion for appointment of counsel.