# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10500
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 17, 2015

Lyle W. Cayce
Clerk

NELSON ROMERO, also known as Ritchord Romero,

Plaintiff-Appellant

v.

NFN KAIL, Bus Driver; DR. NFN CHAVEZ; DR. JUDITH L. THOMAS; NFN BROWN, Nurse; NFN MCDONOLD, Sergeant; LIEUTENANT NFN PONDER,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:14-CV-34

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Texas prisoner Nelson Romero, # 1127658, appeals the dismissal of his 42 U.S.C. § 1983 lawsuit for failure to state a claim. Although he renews each of the claims raised in his complaint, he does not challenge the district court's reasons for dismissing his claims. He has thus abandoned any basis for appeal.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10500

*See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Dep. Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Even if he had briefed the issues, he could not demonstrate any error in the district court's dismissal. As the district court determined, Romero's complaints against Drs. Chavez and Thomas fail because his own pleadings establish that he received ongoing medical treatment for complaints of neck and back pain following a March 2012 bus accident. *See Gobert v. Caldwell*, 463 F.3d 339, 346 n.24 (5th Cir. 2006). Neither his disagreement with the treatment he received nor his assertion that he should have undergone additional diagnostic testing gives rise to a claim of deliberate indifference. *See id.* at 346. Similarly, Romero's complaint against Lt. Ponder was properly dismissed because his allegations do not show that Lt. Ponder was aware of and wantonly disregarded any excessive risk to his health by failing to take him for emergency treatment upon his arrival on the Clements Unit. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Nurse Brown's refusal to give him pain medication on three dates in September 2013 is likewise not actionable as Romero has not alleged that the three-day delay in receiving pain medication resulted in any substantial harm. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

To the extent that Romero sought to hold Sgt. McDonald vicariously liable, his claim is not cognizable. *See Carnaby v. City of Houston,* 636 F.3d 183, 189 (5th Cir. 2011). Further, his claim against Officer Kail for reckless driving was properly dismissed as it does not give rise to a claim of a constitutional dimension. *See Johnson v. Dallas Indep. Sch. Dist.*, 38 F.3d 198, 200 (5th Cir. 1994).

No. 14-10500

Romero's appeal lacks arguable merit and is therefore dismissed as frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2. Both this court's dismissal of the instant appeal and the district court's dismissal of his complaint count as strikes for purposes of 28 U.S.C. § 1915(g). *See* § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Romero has at least one prior strike. *See Romero v. Brown,* No. 05-10234 (5th Cir. 2005) (unpublished). Because he has now accumulated three strikes, Romero is barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See Adepegba*, 103 F.3d at 388; § 1915(g).

APPEAL DISMISSED; § 1915(g) BAR IMPOSED.