# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

―――――――

No. 14-11351
Summary Calendar

―――――――

United States Court of Appeals
Fifth Circuit

**FILED**

December 23, 2015

Lyle W. Cayce
Clerk

NELSON ROMERO, also known as Richard Romero,

Plaintiff-Appellant

v.

JOHNNY SAUSCEDA, Jail Administrator of Dawson County Jail; SERGEANT BAGBY; MRS. DAVIS,

Defendants-Appellees

―――――――――――

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:14-CV-228

―――――――――――

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Proceeding pro se and in forma pauperis (IFP), Nelson Romero, Texas prisoner # 1127658, appeals the dismissal of his 42 U.S.C. § 1983 lawsuit as frivolous and for failure to state a claim, pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B) and 42 U.S.C. § 1997e.  We review the district court's dismissal de novo.  *See Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009).

―――――――――――

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-11351

On appeal, Romero renews his claims of false charges, retaliation, denial of access to the courts, and wrongful confiscation and destruction of his personal property.  Even with the benefit of very liberal construction, however, Romero briefs no argument challenging the reasons for the district court's dismissal, instead simply reiterating the allegations made in his complaint and his objections to the magistrate judge's report.  Although pro se briefs are afforded liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even pro se litigants must brief arguments to preserve them, *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).  By failing to brief any argument challenging the reasons for the district court's dismissal, Romero has abandoned the only grounds for appeal.  *See Yohey*, 985 F.2d at 224-25; *Brinkmann v. Dallas Cnty. Dep. Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Romero's appeal lacks arguable merit and is therefore DISMISSED as frivolous.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R.42.2.  His motion for the appointment of counsel is DENIED.  *See Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982).

Both this court's dismissal of the instant appeal and the district court's dismissal of Romero's complaint count as strikes for purposes of 28 U.S.C. § 1915(g).  *See* § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).  Romero has previously accumulated three strikes.  *See Romero v. Kail*, No. 14-10500 (5th Cir. Mar. 17, 2015) (unpublished) (detailing strikes and imposing sanction).  He is again CAUTIONED that, because he now has more than three strikes, he will be barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See Adepegba*, 103 F.3d at 388; § 1915(g).

No. 14-11351

Additionally, Romero is WARNED that any future frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction. He is advised to review any pending appeals and actions and move to dismiss any that are frivolous or repetitive.

APPEAL DISMISSED; MOTION DENIED; SANCTION WARNING ISSUED.