# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-50855
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 31, 2019

Lyle W. Cayce
Clerk

CHRISTOPHER DOUGLAS SIMMONS,

Plaintiff-Appellant

v.

BRYAN COLLIER, Texas Department of Criminal Justice, Executive Director;
CYTHIA TILLEY, Senior Warden Boyd Unit; PAM PACI, University of Texas
Medical Branch Manager; DEBORAH ALEMAN, University of Texas Medical
Branch Patient Assistant; MILDRED DANIEL, University of Texas Medical
Branch Nurse,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:18-CV-212

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Christopher Douglas Simmons, Texas prisoner # 01956192, filed a 42
U.S.C. § 1983 complaint arguing that employees of the Texas Department of
Justice and the University of Texas Medical Branch were deliberately

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

indifferent to his serious medical needs. Specifically, he alleged that the defendants denied him adequate medical care in connection with removing a piece of paper from his right ear. As a consequence of the inadequate medical care, Simmons asserts that he suffered hearing loss to his right ear. The district court dismissed Simmons's complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted.

Before this court, Simmons does not challenge the district court's determination that the defendants were immune from suit in their official capacities under the Eleventh Amendment. He also does not challenge the district court's determination that Bryan Collier, Cythia Tilley, and Pam Paci are not liable under a theory of respondent superior. In fact, Simmons seems to expressly abandon any appeal regarding these defendants by stating that he "chooses not to appeal [their] personal involvement." Thus, Simmons has abandoned these claims on appeal. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, constituting an "unnecessary and wanton infliction of pain." *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976) (internal quotations and citation omitted). A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In the case of a claim for denial of medical care, "the facts underlying a claim of deliberate indifference must *clearly evince* the medical need in question and the alleged

official dereliction." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985) (internal quotation marks and citation omitted) (emphasis in original).

The prison records and Simmons's own recitation of the facts demonstrate that he received ongoing medical treatment for his ear pain. As determined by the district court, at most, Simmons alleges unsuccessful medical treatment, acts of negligence or medical malpractice against Deborah Aleman and Mildred Daniel. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). His allegation that Aleman should have referred him to an ear specialist does not amount to deliberate indifference. *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Simmons has failed to show that Aleman or Daniel ignored his complaints, refused treatment, "or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *See Johnson*, 759 F.2d at 1238. Accordingly, the district court did not err in dismissing his complaint for failure to state a claim upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition, the district court did not abuse its discretion in denying Simmons's motion for appointment of counsel. *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). To the extent that he moves this court for appointment of counsel, his request is denied.

The district court's dismissal of Simmons's complaint under § 1915(e)(2)(B)(ii) counts as a strike under § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Simmons is warned that if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g)

AFFIRMED; MOTION DENIED; SANCTION WARNING ISSUED.