IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 10, 2008

Charles R. Fulbruge III
Clerk

No. 07-40987

DENNIS KEITH HINES,

Plaintiff-Appellant,

v.

SHERIFF KENT HENSON, In his official capacity
as Sheriff of Angelina County Texas,

Defendant-Appellee,

Appeal from the United States District Court
for the Eastern District of Texas
USDC. No. 9:06-CV-269

Before REAVLEY, STEWART, and OWEN, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Dennis Keith Hines appeals the district court's grant of summary judgment in favor of Defendant-Appellee Sherif Kent Henson. For the following reasons, we AFFIRM.

On December 20, 2004, at approximately 10:00 p.m., Texas Department of Public Safety Trooper, Douglas Minshew, stopped to assist Hines because his vehicle appeared to have broken down. After asking Hines a number of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

questions and receiving no response, Minshew called for back-up, observing that Hines appeared to be nervous and disoriented. Deputy Chad Wilson responded to the call for back-up. Eventually, Hines was arrested for public intoxication; Wilson transported him to the Angelina County Jail. During the ride, Wilson asked Hines whether he was hurt or having any problems. Hines responded no to both questions.

Upon arrival at the county jail, Wilson observed that Hines was able to follow directions and did not appear to be in any physical pain or distress. Jail employees observed that Hines exhibited signs of intoxication including confusion, slurred speech, and loss of coordination. Hines was placed in a "detox cell" located across from the booking desk. He was released the next morning, December 21, 2004, at approximately 9:00 a.m. Following his release, Hines went to a hospital where he was informed that he had suffered a stroke just prior to his arrest.

Thereafter, Hines brought an action against Sheriff Henson, in his official capacity, pursuant to 42 U.S.C. § 1983, alleging that his due process right to medical care had been violated as a result of the written policy of Angelina County. The district court granted summary judgment to Sheriff Henson, holding that: (1) the lack of medical treatment did not amount to deliberate indifference; and (2) even assuming that Hines could demonstrate deliberate indifference on the part of a county employee, he had failed to establish that there was a policy or custom of deliberate indifference to inmates' medical needs. Hines timely appeals. Before this court, Hines contends that the district court improperly granted summary judgment to Sheriff Henson based on its finding that individual employees were not deliberately indifferent to his right to receive medical care. According to Hines, he was only required to show deliberate indifference on the part of Sheriff Henson in establishing the written policy of Angelina County.

We review a district court's grant of summary judgment de novo. Pegram v. Honeywell, Inc., 361 F.3d 272, 278 (5th Cir. 2004). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). If the moving party meets the initial burden of showing there is no genuine issue of material fact, the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial. Pegram, 361 F.3d at 278. "[S]ummary judgment is warranted if the nonmovant fails to 'make a showing sufficient to establish the existence of an element essential to [its] case.'" Nebraska v. Wyoming, 507 U.S. 584, 590 (1993) (quoting Celotex, 477 U.S. at 322.). To determine whether a material fact dispute exists, this court must view the evidence "through the prism of the controlling legal standard." Id.

To prevail on a municipal liability claim under § 1983, a claimant must establish: a policy maker, an official policy, and a violation of a constitutional right whose moving force is the policy or custom. Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001). A fundamental requirement for any § 1983 claim is the existence of a constitutional violation. Daniels v. Williams, 474 U.S. 327, 330 (1986). "[P]retrial detainees have a constitutional right, under the Due Process Clause of the Fourteenth Amendment, not to have their serious medical needs met with deliberate indifference on the part of the confining officials." Thompson v. Upshur County, 245 F.3d 447, 457 (5th Cir. 2001). To show that the right to medical care has been violated, a plaintiff must establish that "the official had subjective knowledge of a substantial risk of serious harm to a pretrial detainee but responded with deliberate indifference." Hare v. City of Corinth, 74 F.3d 633, 650 (5th Cir. 1996). Negligence is insufficient to meet the standard for deliberate indifference. Id. Because we find that Hines has not

succeeded in establishing deliberate indifference by the county jail officials, we conclude that there was no constitutional violation under the facts of this case.

Hines does not dispute that on the evening of his arrest he exhibited symptoms consistent with Trooper Minshew's and the county jailors' conclusions that he was intoxicated, including slurred speech, glassy eyes, and the inability to provide complete answers to questions. Hines notes, however, that the booking jailor indicated on the Medical Disability and Suicide Form that he was considered a medical risk and that the arresting officer believed him to be a medical risk. However, even in light of this evidence, we cannot conclude that the officials' actions rose to the level of deliberate indifference. See Domino v. Texas Dept. of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001)(holding that deliberate indifference is shown where a plaintiff can establish that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs" (quoting Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985)). Here, there is no showing that officials knew that Hines was in need of serious medical care and nevertheless denied him medical treatment or ignored his complaints. Indeed, Hines has offered no evidence to show that he complained of his condition or requested medical assistance, nor has he offered evidence showing that his medical condition was apparent and clearly necessitated medical care. As such, he has failed to establish a violation of his constitutional right to medical care as he cannot show that jail officials were deliberately indifferent to his medical condition.

Because Hines has failed to show a genuine issue of material fact regarding whether his constitutional rights were violated, we find that the district court properly granted summary judgment. See DeShaney v. Winnebago County Dept. of Social Servs., 489 U.S. 189, 202 n.10 (1989)(concluding that

because there was no constitutional violation, there was no need to consider whether the allegations in complaint were sufficient to support a § 1983 claim; Daniels, 474 U.S. at 330 (noting that a plaintiff must establish a violation of a constitutional right in any § 1983 suit).

However, even assuming that Hines had established a constitutional violation, he has failed to show that the municipal policy was the moving force behind the violation. For the purposes of § 1983, municipal policy may consist of: (1) "[a] policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority;" or (2) "[a] persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." Johnson v. Deep E. Texas Reg'l Narcotics Trafficking Task Force, 379 F.3d 293, 309 (5th Cir. 2004). Under the circumstances of this case, to prevail on his § 1983 claim, Hines must show that the municipal policy at issue was "adopted or maintained with deliberate indifference to its known or obvious consequences."[1] Id. "A showing of simple or heightened negligence will not suffice." Id. (internal citation and quotations omitted).

The policy of Angelina County provides in part that: "If an individual cannot respond accurately to the requested information due to the individual's level of intoxication, the individual will be placed in detox until the individual's level of intoxication has decreased to the point the individual can provide reliable information to complete the classification process." Hines urges that this policy was adopted by Sheriff Henson with deliberate indifference to its

---

[1] Alternatively, a plaintiff may establish liability based on a municipal policy by showing that the policy is unconstitutional on its face. United States v. Salerno, 481 U.S. 739, 745 (1987). Hines, however, does not argue that the municipal policy at issue is facially invalid.

known or obvious consequences, namely, that intoxicated people would be required to "get better on their own," thus denying them medical care.

Hines has failed to show that this policy was adopted with deliberate indifference. He relies solely on expert testimony that the policy was dangerous as support for his position. This policy, however, does not purport to address a situation in which an inmate requires medical care, nor does it authorize the denial of medical care to intoxicated individuals. Rather, Angelina County has a policy dealing specifically with the medical needs of inmates, which classifies medical needs as urgent or emergency, and requires jailors to provide medical care to an inmate if there is any question as to the seriousness of the inmate's need for medical care. The jail also employs EMT-trained jailors. Further, the detox cells, such as the one in which Hines was placed, are located directly across from the booking desk so that jailor's can observe and monitor inmates placed in those cells. In light of these undisputed facts, Hines has not succeeded in establishing a genuine issue of material fact regarding whether Sheriff Henson adopted this policy with deliberate indifference to known or obvious consequences. Accordingly, we affirm the district court's grant of summary judgment.

AFFIRMED.